[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16266
Non-Argument Calendar

_____

Agency No. A087-458-478

AYO OMOAREGBA OYAKHIRE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 23, 2018)

Before JORDAN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Ayo Omoaregba Oyakhire, proceeding pro se, petitions this Court for review

of the decision of the Board of Immigration Appeals rejecting his appeal from an

Immigration Judge's decision denying a motion to reopen and reconsider his

removal proceedings.  We dismiss Mr. Oyakhire's petition in part and deny it in part.

**I**

Mr. Oyakhire is a native and citizen of the Federal Republic of Nigeria.  He entered the United States in November of 1997 on an H1-B visa with temporary authorization to remain in the country, but overstayed his visa.  On January 31, 2008, he was convicted of two counts of family violence battery, Ga. Code Ann. § 16-5-23.1(f), three counts of simple battery, Ga. Code Ann. § 16-5-23, and one count of disorderly conduct, Ga. Code Ann. § 16-11-39(a)(1).

On January 29, 2009, the Department of Homeland Security ("DHS") commenced removal proceedings by serving Mr. Oyakhire with a Notice to Appear ("NTA").  Later that year, the DHS terminated those proceedings *sua sponte*.

In 2012, the DHS issued another NTA charging Mr. Oyakhire with removability on the grounds that he had remained in the United States for a time longer than permitted, 8 U.S.C. § 1227(a)(1)(B), that he was an alien who had been convicted of a crime of domestic violence after admission to the country, § 1227(a)(2)(E)(i), and that he was an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme, § 1227(a)(2)(A)(ii).

2

At a hearing on June 19, 2012, Mr. Oyakhire asked the Immigration Judge ("IJ") for cancellation of removal. He admitted that he had overstayed his visa and had been convicted of a domestic violence crime, but argued that, for certain reasons, removal was not warranted. The IJ denied Mr. Oyakhire's application for cancellation of removal.

On July 5, 2012, Mr. Oyakhire filed a "Motion and Brief to Reopen and Reconsider." The Immigration Court rejected the motion for failure to include proof of payment of the filing fee. On September 18, 2012, the Immigration Court accepted Mr. Oyakhire's resubmission of the motion, presumably with the requisite fee paid. The IJ denied the motion, stating that Mr. Oyakhire failed to identify factual or legal errors in the prior decision that would warrant reconsideration.

After several years, in February of 2016, Mr. Oyakhire—proceeding pro se—submitted a new filing, again styled as a motion to reconsider or reopen. The IJ summarily denied the motion as "both number barred and time barred," and also addressed the merits of the motion, stating that it raised no errors of fact or law.

Mr. Oyakhire then appealed this decision to the Board of Immigration Appeals ("BIA"), and also requested that the BIA reconsider or reopen the proceedings under its discretionary authority. The BIA affirmed the IJ's decision on number-bar grounds. It acknowledged some new issues raised in Mr.

Oyakhire's motion before the IJ, but only considered them (and rejected them) under its so-called "sua sponte" authority. It also rejected Mr. Oyakhire's contentions regarding ineffective assistance of counsel for, among other things, failure to establish prejudice.

Mr. Oyakhire now petitions for review of the BIA's decision.

## II

We must reject Mr. Oyakhire's petition because he has failed to challenge certain threshold conclusions of the IJ and BIA.

## A

Mr. Oyakhire has filed more than one motion that he has described as a motion to reconsider or reopen. The IJ's decision concluded that the 2016 filing was number-barred and time-barred. Arguably, Mr. Oyakhire has presented reasons both to the BIA and to us why his motion is not time-barred. He has not, however, challenged the conclusion that his motion is number-barred either before us or before the BIA. Accordingly, he has not preserved this argument, and we conclude that we lack jurisdiction to hear his petition as to his motion to reopen or reconsider his removal proceedings. *See Jeune v. U.S. Atty. Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).

Although aliens may move for reconsideration or reopening of IJ decisions, 8 U.S.C. § 1229a(c)(6), (7), the BIA may also discretionarily reconsider or reopen

4

proceedings, 8 C.F.R. § 1003.2(a).  We generally lack jurisdiction to review the latter exercise of discretion—unless the failure to exercise it in turn raises, for instance, a constitutional claim.  *See, e.g.*, *See Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).  The BIA declined to exercise its discretionary (or so-called "*sua sponte*") authority to reconsider the IJ's decision or to grant relief to Mr. Oyakhire on any other basis.   We will not review this discretionary decision because it lies outside of our jurisdiction to do so.  *See id.*

## B

Mr. Oyakhire also claims that the ineffectiveness of his counsel infringed on his right to due process with regard to his 2012 motion for reconsideration.  The BIA held that, among other problems with this claim, Mr. Oyakhire failed to demonstrate the required prejudice.  We agree.

Petitioners claiming ineffective assistance of counsel must address (among other things) prejudice.  *See Dakane v. U.S. Att'y Gen.* 399 F.3d 1269, 1274 (11th Cir. 2004).  "[P]rejudice exists when the performance of counsel . . . may have affected the outcome of the proceedings."  *Id.*  Mr. Oyakhire claims that his attorney was unsatisfactory in many respects—for example, that she was unavailable to him—and he submitted evidence of an arbitration award recovering some of his attorney's fees against her, but he does not point to anything that the attorney did or failed to do that may have affected the outcome of his proceedings.

5

Accordingly, the BIA did not err in rejecting Mr. Oyakhire's claim for relief on the basis of ineffective assistance of counsel.

## C

Mr. Oyakhire seems also to challenge the legality of his continued detention pending his removal from the United States. To the extent he wishes to raise such a challenge, he must do so before a United States District Court under 28 U.S.C. § 2241 rather than in these IJ/BIA proceedings before us. *See, e.g.*, *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006).

## III

We dismiss Mr. Oyakhire's petition in part and deny it in part.

**DISMISSED IN PART and DENIED IN PART.**